Good morning, Your Honors. Frank Spall is appearing for the petitioner. And I will try to reserve a few brief moments for following. Obviously, this case deals with a summary judgment by the district court. The yawning issue is jurisdiction under 701A and the idea that this is something that is to the agency discretion. And I'd like to address why that isn't the case here. And we look at the cases that were cited by the government as well as the district court. And what you'll see is that in those cases, an action was brought on something completely distinct from the APA. They found no jurisdiction, no waiver of sovereign immunity, and then the litigants wanted to be reviewed under the APA. And if you see the yawning difference between the action that they're talking about, the Heckler case, death row inmates were seeking a more humane exterminating drug under the Food and Drug Administration. They found no sovereign immunity. They sought review under the APA. Norton was a Wild Wilderness Preservation Act brought under 43 U.S.C. 1782. No sovereign immunity, no jurisdiction. They sought review under the APA. The Friedman case was a tax lien. He wanted to get a review of that. They said no jurisdiction, and then he sought review under the APA. And finally, the case cited by the district court was Norton v. Mount St. Helens, which was brought under the Mount St. Helens National Volcanic Monument Act. I guess it was, you know, eminent domain. They gave property to the gentleman of $200,000. He didn't like it. He wanted more. He sought review under the APA. Here, we were in the proper form. This was an action brought under the Immigration and Nationality Act. We properly filed the motion to reopen. And our argument is that the APA has jurisdiction because we claim that, you know, we were making two arguments. Number one, we said that the SALTA case, the line of Ninth Circuit cases dealing with delivery and non-delivery, can be applicable and should be addressed. They didn't address it at all. And then we also made a global argument that the HCFR 1035.2 is so rigid and mechanical that it denies due process. And I'd just like to gently point out, I think the government claimed that we didn't bring that in the original complaint, and that's certainly not true. Page 86 and 87, we stated, you know, if a regulation is that unyielding and mechanical, it denies litigants in any form. Counsel, can I interrupt for a second? What is the relief you seek from the Federal courts? Well, in this case, what we, well, we were asking them to find that the actions of the agency violated the APA because, number one, they did not address the appellate argument and the argument that was set forth in the motion to reopen. And we did make a broader argument. We did make a constitutional argument that HCFR- Why don't you simply bring a petition for review before the Ninth Circuit? We had a deny on the district court, and we came here in the Ninth Circuit. No, I'm saying after the, you're saying they wrongfully- Oh, yeah, I understand. There's no jurisdiction. I mean- The BIA wrongfully, or the USCIS wrongfully- Right. Sure. Withheld a U visa. There's a very specific case law. The Ninth Circuit only does orders of removal, so there was no jurisdiction to do a direct petition for review. There is no jurisdiction. The only place I could go was the district court. There's a very specific case law on that. You know, even in, you know, motions to dismiss removal proceedings, unless it's an order of removal, there's no jurisdiction. So I think I was in the right place. Do you think- I think I was in the right place. So from the USCIS denying your request to reopen the U visa application, the only avenue of appeal or challenge was district court? Absolutely. I mean, there was a, you know, the motion to reopen was denied. There's an administrative appeal body we went to. After that, the Ninth Circuit door was closed. What was the administrative appeal body you went to? It's in the record. I mean, after they denied it, there was an appeal, which made the same arguments again. You know what I mean? And then they just rubber stamped the decision of the agency, which says, you know, that that particular statute simply says you have to somehow prove you address in a timely fashion, and they sent it to the old address. And we're saying that that is so rigid, mechanical, and unyielding that it does violate due process. So we were making both of those arguments. And I think, you know, the jurisdictional question is, I think there is jurisdiction. I mean, certainly Judge Kaden and Judling said when agency sets policy, it must provide a reasoned explanation for its actions. And again, I mean, you know, in this particular case. Counsel, the government in its brief had indicated that you do have a remedy at law, which is to file a new request. Is there anything precluding you from filing another application for the U visa benefit? What are your options right now? You're here. Can you file another request? And have you done so? We did, yes. Two things about that. Number one, U visas take about three years and change. So that would put me, you know, considerably back in time. Number two, I mean, I did file it, and I just don't know how the agency would treat a successive U visa. I can envision res judicata. So I mean, in abundance of caution, and, you know, vigorously representing my client, I filed the second one. But I don't know that that would mean I would somehow have to, you know, drop this case. So I mean, to answer your question, I don't know how they're going to treat a successive U visa. And number two. But you did protectively file a subsequent U visa. So now in terms of removal proceedings, they've been stayed pending the adjudication of your subsequent U visa application. Am I correct in understanding that? Yeah. Well, no. What happened is we were in mitigation at the Ninth Circuit. I had a motion to reopen because of the pending U visa. And to the credit of the oral attorneys, we just continued the matter, continued the matter to wait for the outcome of the U visa. U visa was denied. At that point, I had to withdraw the petition for review because the whole point of that petition for review was that once the inevitable grant of the U visa, the case would be remanded to the IJ. So the stay that was in place based on the filing of the petition review there is no longer involved. Now, they haven't gone out after my client. I can file an administrative stay. I haven't done it because they haven't done anything. The position of the service is that they will not deport people with U visas pending absent certain circumstances. So he's not really protected by a stay at some point. So no formal stay of removal proceedings. He's out on bond? At this point, no. He's out on a $30,000 bond, but there has not been, they haven't tried to But it's not imminent. So I mean, there's regulations on that. Unless the deportation is imminent, there's no reason to file a stay. But your argument here in this case is that this is a final agency action subject to review, that there are manageable criteria for judging the exercise of the agency's discretion. That's your case? Right. And that we properly brought it under the And then that refused to even address our legal arguments. And it's a legitimate legal argument. The idea that this line of Ninth Circuit case law that deals with delivery versus non-delivery, regular mail versus certified, why shouldn't that apply to the administrative context? I mean, it doesn't make no sense. I mean, the stakes are equally high. And then again, I think that under Drudelang and the like, the global argument that 8 CFR 103.52 denies due process because it's, you know, it's like a thimble. There's so many other things that can happen in life and law, why somebody might not respond to the request for evidence. Force majeure, ineffective decision of counsel. Somebody's infirm. There's nowhere a way to go with it. So I would submit that this matter could be remanded. So the district court in this matter dismissed for lack of subject matter jurisdiction. Correct. If we disagree and determine that the decision is actually reviewable, then what do we do at that point? Do we reach the 12B6 arguments in the first instance or let the district court have the first crack at it? I mean, I think as a general procedural appellate rule, I think you would send it back to the district court with instructions to address the merits. You obviously, you could make a ruling and say that their actions violate the APA and please send it back and grant the motion to reopen, but that might be a little. We don't really have the record to do that. So I know, I think you would send it back with instructions to the district court. And I'll reserve more time if necessary. Right. Do you want to reserve your time? Let's see if the government has to say thank you. May it please the court. My name is Brianna Yu on behalf of the U.S. government, federal defendants and appellees. This court should affirm the district court's dismissal for two reasons. First, the district court properly found that it lacked jurisdiction to grant plaintiff's requested relief, which is an order compelling the agency to grant his motion to reopen and reissue requests for evidence. Second, this court should affirm on the alternative basis that plaintiff hasn't stated a claim and concedes that he hasn't complied with the due to abandonment. Now, there are two forms of relief that plaintiff has requested here, which both call for the agency to act in a way that is not required by law. First, the decision to issue a request for evidence is within USCIS's discretion per the regulation 8 CFR 103.2B83. When a petitioner files for an immigration benefit, USCIS evaluates the evidence before it. And if USCIS determines that a visa application is missing required evidence, USCIS may choose in its discretion to either deny the benefit request for an eligibility or it may choose to request more evidence. Now, there's no legal requirement for USCIS to issue a request for evidence if the record does not establish eligibility. And here in this case... Counsel, as a practical matter, and the government alluded to this in its brief as well, the remedies, he can always file a new visa application and counsel's protectively done so. He's concerned about some race judicata effect. Are you aware of whether there's a race judicata effect to a successive new visa petition under these circumstances when the mail, essentially, for some reason was misdirected and counsel never received it? Your Honor, the government's position is that by filing the second petition, it would resolve these concerns and it would allow plaintiff to be able to get an adjudication on the merits. And that would be able to resolve the concerns that he has. So no race judicata bar? The... If plaintiff is... Here we have an application that's denied due to abandonment that the agency chose not to exercise its discretion and not to reopen. And now that has not complied with the regulations. And then plaintiff has filed and pursued the to be able to adjudicate the new petition and give the opportunity. Right, on the merits. So in other words, USCIS is not going to say the prior petition was deemed abandoned. And so therefore, there's no... We're going to exercise our discretion not to reach the merits. That's not going to happen. Is that your position? Exactly, Your Honor. USCIS will not use this abandonment denial for the new petition because the new petition has yet to be decided or deemed as abandoned. And where is this one here? Are there processes going on right now before USCIS on this very... On the second visa petition? It is on pending adjudication, Your Honor. Correct. There was some reference earlier to mediation. Have you been in mediation over this case? We have not, Your Honor. And I guess my final question is, you're arguing everything under 706-1, that this is an action... This case is about compelling agency action unlawfully withheld. But my understanding is this is under two, that he wants to litigate the action the agency took as arbitrary, capricious, or an abuse of discretion. Your Honor, to address your question, the court... Sorry, the government submitted a failure to state a claim briefing before the district court on plaintiff's as-applied challenge on how the regulation was applied to him. However, because the court found that it lacked jurisdiction, it didn't address the as-applied challenge. However, the allegations in plaintiff's complaint are insufficient to support a challenge to the plaintiff. Plaintiff has not alleged how he has met the evidentiary burden, and the evidentiary burden is under the regulation, which I'll call the... I mean, the claim may fail. It doesn't mean that the court didn't have jurisdiction to address it. Correct, Your Honor. But the government's position is that plaintiff conceded that he hasn't been able to comply with that regulation, the abandonment regulation 103.5823. He didn't comply with the applicable requirements. He had a claim of non-receipt, which the adjudicator here took the proper action and appropriately determined that the motion did not meet the applicable requirements. Are you addressing the merits of the 12B6 merits right now in response to Judge Wardlaw's question, or are you talking about the threshold jurisdictional question? I'm talking about, in response to the judge's question, I'm talking about how plaintiff has court found jurisdiction. It didn't get to the merits part of it. However, the government did submit briefing in its motion to dismiss to address the merits of how the regulation was applied to plaintiff. Does it make sense to kind of hold this case in abeyance pending the adjudication of the second U visa application? Would that moot the issues in this particular appeal? Your Honor, if the second petition is granted, that would moot this petition. As far as holding it in abeyance... But I would think that even a denial on the merits would really moot the issues in this particular appeal, wouldn't it? Because that could result in another review proceeding. As a practical matter, whatever decision is decided with regard to the subsequent U visa application, that can follow its own separate appeal procedures. Your Honor, I believe... I can't really speculate to what a denial would do, but I can say for sure that if his U visa was granted, it would moot out this case, which is why the government's position is that USCIS be allowed to go forward with the new petition in making the adjudication there. Let me just ask one question in regard to that. Counsel, in making his argument that he was concerned about Royce Giudicata, that was one argument. The other thing he said was he was afraid that he would kind of lose his place in line or something, that it would take a long time, three years or something, to get through the new petition. There was some suggestion that if he was allowed to go forward or reopen, somehow you kind of get through quicker. Is that true or not true? I will address both points, both parts to your question about Royce Giudicata. First of all, this application here, under the regulation, it is B13I. When something is deemed as abandoned, it may be denied either on the record or as abandoned or both. So here there was no merits decision. USCIS could have denied it on the record, but instead they just put it in abandonment instead. And then as far as the place in line, I definitely understand the courts, it is very difficult in that situation. However, in promulgating this regulation, there's a strong rationale for the agency to be able to develop a procedure when they don't get a response to something, that they cannot operate on assertions of petitioners saying that I didn't receive this, I didn't receive this. This allows the agency to be able to continue moving forward with petitions. Now, I do understand the difficulty about the place in line, but however, the petitioner here did receive all the procedure that was afforded to him by the regulations. And the agency needs to be able to develop a procedure to deal with assertions of non-receipt. But when he starts from scratch, I'm just asking about time. How long will it take? Currently, USCIS is adjudicating UVISA petitions from about 42 to 45, or sorry, 42 to 54 and a half months ago. So that is about from 2014, petitions that were filed in 2014. Okay. Cancel. Would your client be willing to enter into mediation over this so that we can maybe see how the process goes with the new application and hold this case in abeyance? I think that we would be willing to. All right. Thank you, counsel. Okay. Thank you. Another point I would like to address is that opposing counsel talks about his facial challenge to the regulation as a whole, and he says that it was brought in his original pleadings in the district court. However, it is not in the complaint. It was brought up for the first time in his opposition to the motion to dismiss. And the district court, as well as the government, didn't have any occasion to consider or brief that matter when he challenged the regulation itself, violating it as being arbitrary capricious. Now, I would like to emphasize to the court that there is a remedy here, and he isn't precluded from refiling, and he has pursued that remedy for relief, and that the government's position is that this court should affirm the jurisdictional decision that the district court decided, because it ultimately, the relief that plaintiff has requested implicates two exercises of discretion, and the agency here decided in its discretion not to exercise that. So the district court identified that, and the district court decided that it could not require the agency to act in this manner. All right. Thank you, counsel. Thank you. Thank you very much. Thank you, Your Honors. Very briefly. The idea about failure to comply with the regulation, that's our whole point. It's Orwellian. The regulation says the only way you can open a case based on abandonment is if you can show that it was mailed to the wrong address. How does one do that? You go to the post office and, you know, depose the mailman? There's no way to do it. Or that you gave the service a timely new address and they mailed it to the old address. That's part of our problem. Number two, the idea that we did not bring up the facial challenge in the complaint, page 86, section B, the regulation at 8 CFR 103.2B13 denies due process. So we did raise it. It was central to the argument. And finally, and I appreciate government counsel addressing the concept of mediation because, I mean, at the beginning of this, I sent an email to your office and I think they just declined, which is fine. I mean, that's, you know, but again. Are you interested in sending it to our Ninth Circuit mediation unit now to figure out what's going on? I would be delighted to. I mean, we could do two things. You know, the holding and abeyance for the new one or maybe I can finally peek at the second RFE. My curiosity has been slaked for the last couple of years. I mean, if they were, you know, to agree to reopen, I mean, all were, you know, unlike these cases where, you know, death row inmates want a different drug, we're not asking for much. We just want the case to be decided on the merits. It never got to the merits because we have no idea what they asked for in the second RFE. I'm still wondering. Well, you got here now. So that's pretty far. So, all right. Thank you very much. I'm going to defer submission of this case, Espinoza v. Sessions. And as we discuss it this afternoon, this session of this court is adjourned for today. Thank you, everyone. Bye.
judges: Wardlaw, Nguyen, Oliver